UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                          :
ISSAC WILCOX, JR.,                        :         CASE NO. 1:11-CV-853
                                          :
                 Plaintiff,               :
                                          :
vs.                                       :         OPINION & ORDER
                                          :         [Resolving Doc. 1]
MICHAEL J. ASTRUE, Commissioner of        :
of Social Security,                       :
                 Defendant.               :
                                          :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this social-security disability benefits case, Plaintiff Issac Wilcox Jr. objects to the

Magistrate Judge's Report and Recommendation, which recommends affirming the Administrative

Law Judge's ("ALJ") denial of benefits.  Because the ALJ had substantial evidence supporting his

decision, the Court **ADOPTS** the recommendation of the Magistrate Judge and **AFFIRMS** the

ALJ's denial of benefits.

                                          I.

        On April 20, 2006, Wilcox filed applications for Supplemental Security Income and

Disability Insurance Benefits.  He alleged a December 29, 2004, disability onset date.  After his

applications were denied initially, [Administrative Record ("AR") at 86-97], and upon

reconsideration, [AR at 75-80], Wilcox requested a hearing before an ALJ, [AR at 66, 71].

        Wilcox appeared with counsel at a hearing before the ALJ.  [AR at 799-837.]  Wilcox

testified:  "I have back problems that bother me and hinder my walking, and my sitting and

Case No. 1:11-cv-853
Gwin, J.

sometimes even my laying for periods of times. . . . As a result of that pain . . . my attitude is kind
of not good and I find myself kind of being snappy."  [AR at 803].  The hearing included testimony
from Mr. Wilcox regarding his past medical history, drug and alcohol usage, daily routine,
employment history, and skillset.  In addition, vocational expert Evelyn Sindelar ("VE") testified as
to the level of exertion that was required for Wilcox's past employment.  [AR at 828].  The ALJ and
Wilcox's attorney then posed hypothetical scenarios to the VE.  They described fictional individuals
with various limitations (trouble with standing for extended periods of times, inability to handle
confrontation, etc.) to the VE.  The VE testified as to the jobs, if any, these hypothetical workers
would be able to perform.  [AR at 828-36].

On June 12, 2009, the ALJ determined that Wilcox was not disabled within the meanings of
the Social Security Act:  Wilcox suffered from severe impairments—degenerative disc disease of
the lumbar spine and depression—but those impairments did not "meet[] or medically equal[] the
criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1."  [AR at 13-15 (citing
20 C.F.R. Pt. 404, Subpt. P, App. 1)]; [*see also* AR at 9-24].  The ALJ also found that Wilcox had
the "residual functional capacity to perform light work," [AR at 16], at "jobs that exist in significant
numbers in the national economy," [AR at 23].  The Appeals Council denied Wilcox's requested
review of the ALJ's decision on March 2, 2011.  [AR at 2].

Wilcox filed this complaint, [Doc. 1], and the Court referred the matter to Magistrate Judge
James R. Knepp, II..  Magistrate Judge Knepp issued a Report and Recommendation, finding that
the ALJ's determination was supported by substantial evidence and recommending that the Court
deny Wilcox's appeal.  [Doc. 18 at 34].  Specifically, the Magistrate Judge found:  (1) that Wilcox
does not meet a qualified "Listing" disability; (2) that the omissions of certain factors from the ALJ's

-2-

Case No. 1:11-cv-853
Gwin, J.

findings was supported by substantial evidence; (3) that Wilcox's credibility was properly considered; and (4) that hypothetical questions posed to the VE properly included Wilcox's limitations.  Wilcox now objects to the R&R on two grounds, arguing that the ALJ erred in his decisions as to Listing 1.04A and as to Wilcox's ability to perform a reduced range of light work. This Court reviews those two issues *de novo*.[1] 28 U.S.C. § 636(b)(1) (requiring *de novo* review of the claimant's objections to a report and recommendation).

## II.

In reviewing an ALJ's disability determination under the Social Security Act, a district court is limited to reviewing whether the ALJ's decision is "supported by substantial evidence and is made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).  A district court should not try to resolve "conflicts in evidence or decide questions of credibility," *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007), and may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision, *Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

## III.

*A.  The ALJ correctly determined that Wilcox does not meet the Listing 1.04A requirements.*

First, Wilcox argues there is a lack of substantial evidence supporting the ALJ's

---

[1] Though Wilcox generally objects to the Magistrate's Report and Recommendation as a whole, he does not object specifically to the third and fourth recommendations.  Accordingly, the Magistrate's recommendations will be adopted on those matters.  *See Howard v. Sec. of Health and Human Servs*, 932 F2d 505, 508-09 (6th Cir. 1991) (holding general objections to a magistrate's recommendation, without alleging specific contentions, will be procedurally defaulted).

Case No. 1:11-cv-853
Gwin, J.

determination that his impairments do not meet or equal Listing 1.04, Paragraph A.  For an impairment to meet the requirements of a qualified "Listing" disability, a claimant must show his impairment satisfies all of the Listing's specified medical criteria.  20 C.F.R. § 404.1525(d).

To satisfy Listing 1.04 criteria, paragraph A requires—among other things—positive straight-leg raising tests, both sitting and supine, if there is involvement of the lower back.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04(A).  Wilcox's alleged disability involves his lower back.  [AR at 255, 470].  But, the required positive straight-leg raising tests are absent from the administrative record.  The problem with the positive test that Wilcox relies on, [AR at 267]—as he concedes in his Objections, [Doc. 19 at 2]—is it does not specify whether the straight-leg raising test was performed in both the sitting or supine position.  In fact, the only treatment note that contains a straight-leg raising test in both a sitting and supine position showed a negative result.  [AR at 590].

Absent the appropriate testing, Wilcox still believes that the Court should overrule the ALJ's denial since he almost satisfies all of Listing 1.04A's requirements.  [Doc. 19 at 2]. ("[the] lack of documenting the position of this test is all that separates Plaintiff from providing sufficient evidence that he met the requirements of Listing 1.04A.").  This argument is unpersuasive.  The ALJ correctly found the record to be absent of a positive straight-leg raise test in both the sitting and supine positions.  Such medical testing is crucial in a disability determination.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B) ("The physical examination must include a detailed description of the rheumatological, orthopedic, neurological, and other findings appropriate to the specific impairment being evaluated.  These physical findings *must be determined on the basis of objective observation during the examination and not simply a report of the individual's allegation*.") (emphasis added); SSR 82-53, 1982 WL 31374, *4 (a medically determinable impairment "must result from

Case No. 1:11-cv-853
Gwin, J.

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.").

Moreover, Wilcox had the burden of proof to establish he met all criteria of Listing 1.04A. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). And *almost* establishing all the criteria for a Listing does not meet the requirements set forth by the Social Security Administration. 20 C.F.R. § 404.1525(d); *see also Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a Listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").[2] Accordingly, the ALJ's determination that Wilcox could not meet all the listed criteria in Listing 1.04A is adequately supported by the record.[3]

*B. The ALJ reasonably determined Wilcox could perform "Light Work."*

Second, Wilcox says the ALJ improperly found Wilcox capable of performing work at the "light work" exertion level.  [Doc. 19 at 3, 4].  In support, Wilcox restates his opinion that certain tests performed on him, his use of a cane, and his physical limitations, warrant a finding of a lesser work capacity.  Wilcox fails to even cite one medical opinion that recommends greater restrictions than that required of performing light exertion work.  He goes on to broadly assert:  "Where a

---

[2] Wilcox also cites a Sixth Circuit case, *Johnson v. Sec'y of H.S.S.*, 794 F.2d 1106, 1111 (6th Cir. 1986), and argues that "[t]he ALJ has an affirmative duty to fully and fairly develop the administrative record."  [Doc. 19 at 2].  But Wilcox doesn't argue that he was pro se or that the ALJ did not provide a full and fair hearing—just that the ALJ didn't supplement Wilcox's evidence.  Moreover, the Sixth Circuit has explained that *Johnson*, "relied on *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048 (6th Cir.1983), where we criticized the ALJ for '[s]uperficial questioning of [an] inarticulate claimant[ ]' who appeared without counsel."  *Ladwig v. Comm'r of Soc. Sec.*, 39 F. App'x 971, 975 n.4 (6th Cir. 2002) (alterations in original) (putting "the burden . . . on [claimant] to produce evidence of mental impairment in the first instance . . .").

[3] In passing, Wilcox adds that "[t]he combination of severity from Listing 1.04A and 1.04C may equal the severity required by the listing," and blames the ALJ for not fully developing the record.  [Doc. 19 at 3.  But again, Wilcox had the burden of proof.  Moreover, he doesn't point to a specific error or how his combination of impairments meets a listing.

Case No. 1:11-cv-853
Gwin, J.

claimant very nearly meets the requirements of a physical impairment-based listing, the ALJ must

articulately express sound reasoning why he believes the claimant is capable of greater than

sedentary work." [Doc. 19 at 4].  But the ALJ did just that.  The ALJ reasonably found that, while

Wilcox could not "perform all or substantially all of the requirements" of the light work level,

Wilcox's RFC still fell into the parameters of such a level.  [AR at 23]

> The light work exertion level is described as:
>
> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects
> weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is
> in this category when it requires a good deal of walking or standing, or when it
> involves sitting most of the time with some pushing and pulling of arm or leg
> controls.  To be considered capable of performing a full or wide range of light work,
> you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

The ALJ's determination is supported by the record.  Two consulting physicians said that

Wilcox could lift at least 20 pounds occasionally and 10 pounds frequently and that Wilcox does not

have pushing or pulling restrictions.  [AR at 573, 675].  And treating physicians reported findings

consistent with a light-work designation.  [*See* AR at 302, 399, 407, 524].

Moreover, when making his determination, the ALJ considered Wilcox's limitations and

clarified that Wilcox's capability would permit him to complete only jobs at the light work level

where he had the option to sit or stand.  [AR at 16].  This sit/stand option does not—as Wilcox

earlier contended—preclude jobs at the light work level.  S*ee*, *e.g.*, *Lewis v. Sec'y of Health &*

*Human Servs.*, 51 F.3d 272, at *1 (6th Cir. 1995)* (affirming the Secretary's decision that included

an RFC of "a limited range of light work with a sit/stand option").  And as the Magistrate Judge

correctly pointed out, Social Security Ruling 83-12 "provides for situations where 'the medical facts

-6-

Case No. 1:11-cv-853
Gwin, J.

lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. . . . The Ruling concludes a vocational expert "should be consulted" whenever there is an unusual limitation of a claimant's ability to sit or stand.'" (Doc. 18 at 25 (citing SSR 83-12, 1983 WL 31253, at *4)

Wilcox's physical therapy notes, [AR at 656], and his VA records, [AR at 666] indicate that prolonged standing heightens Wilcox's symptoms.  And the ALJ correctly included this limitation in the hypothetical questions posed to the VE.  [AR at 828-29].  In response, the VE provided three light exertion jobs the hypothetical person with a sit/stand option could still perform.  [AR at 831]. The ALJ properly relied on the VE's testimony and properly accepted it as substantial evidence of jobs which accommodate the limitations included in the hypothetical.  *See Foy v. Sec'y of Health & Human Servs.*, 951 F.2d 349, at *2 (6th Cir. 1991) ("A VE's response to a hypothetical that accurately portrays an individual's impairments constitutes substantial evidence for determining whether a disability exists.").

Accordingly, the ALJ properly concluded that Wilcox is capable of performing a limited range of work at the light exertion level.

IV.

For these reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the ALJ's decision.

IT IS SO ORDERED.

Dated: August 7, 2012                     s/        *James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE